[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested dissolution matter. The parties were married on June 15, 1964. There are no minor children so the contested issues are those of alimony and property distributions.
The court finds that the jurisdictional requirements have been satisfied and that the marriage has broken down irretrievably.
The defendant argues that the plaintiff had a duty to go back to college and she should not receive alimony because, unlike the defendant, she did not pursue a college degree to "better herself" and be in a position to earn more money. In addition, the defendant would have the court consider this a marriage which terminated in 1979.
The first proposition is novel but has no relevance to the circumstances of this case. The plaintiff has worked for 24 of the 27 years since the marriage in 1964. Her explanation for not returning to college is both plausible and reasonable. Her failure to do so hardly negates her contributions to the marriage.
The defendant's second contention is premised on his testimony that he moved out in 1979 and the parties never lived as husband and wife thereafter.
Nevertheless, the defendant admits that, right up to the day of trial, he had his shaving kit and toiletries on the premises where the couple resided. Most of his clothes are also there. A neighbor testified that she saw him there so often in the morning that she was surprised to hear the couple had separated.
The plaintiff testified about trips the couple took in 1981, 83, 84, 85 87. A 1983 photograph showed the defendant in the kitchen of the family residence during a house party.
When asked who took care of him when his back problem erupted, the defendant replied the plaintiff did — at the couple's CT Page 2708 residence.
While defense counsel would appear to urge the court that this plaintiff is entitled to little by way of awards of assets for a "short" 15 year marriage, a theory to which the court does not subscribe, there is no logical or reasonable basis to consider this anything but a marriage of over 27 years.
In deference to the feelings and privacy of the parties, the court will not discuss the allegations and counter allegations. While certain of these were disputed, the court notes that serious allegations as to violent acts were not disputed by the defendant. He also stated he felt he was 51% responsible for the marital breakdown.
The defendant's handling of his legal responsibilities and indifference toward financial matters further supports the plaintiff's position as to fault.
The court has considered the statutory dictates in framing its orders. It should be noted that the defendant's proposed orders are not appropriate for this case. This has been a long marriage, fault would appear to lie more heavily on the defendant, the plaintiff has a modest income and little likelihood of earning more or acquiring assets.
The defendant also questioned the appraised values for the two jointly owned properties. No evidence was offered to contradict those figures, however, and they are adopted by the court.
It is therefore ordered:
1. The defendant shall transfer to the plaintiff all of his right, title and interest in and to the real property located at and known as 139 West Park Avenue in New Haven. The plaintiff shall assume liability for all encumbrances on said property and hold the defendant harmless thereon.
2. The plaintiff shall transfer to the defendant all of her right, title and interest in and to the real property located at and known as 34 Lynwood Place in New Haven. The defendant shall assume liability for all encumbrances on said property and hold the plaintiff harmless thereon.
3. The defendant is ordered to pay to the plaintiff $250. per week as periodic alimony until her remarriage, the death of either party or her cohabitation with another male. This sum is to be collected via an immediate wage execution. CT Page 2709
4. The defendant is ordered to pay to the plaintiff one-half of the appraiser's fee, which was represented to be $1400. in total.
5. The parties shall attempt to divide the personal property on an equitable basis, subject to the caveat that the court contemplates the plaintiff receiving such furniture and furnishings located at 139 West Park Avenue as will enable her to maintain her present life style there. If the parties are unable to agree on a distribution, the matter will be referred to the Superior Court Family Relations Office for mediation. Except for this latter eventuality, the defendant is to remove his personal property from 139 West Park Avenue within sixty days hereof.
6. The marriage of the parties is dissolved.
ANTHONY V. DeMAYO, JUDGE.